**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEE MOMIENT,<br><br>        Plaintiff,<br><br>      v.<br><br>COMCAST CABLE COMMUNICATIONS<br>MANAGEMENT, LLC and STELLAR<br>RECOVERY, INC.,<br><br>        Defendants. | 16-cv-2856 |

<u>**NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, Defendant Comcast Cable Communications Management, LLC ("Comcast") files this Notice of Removal of the action entitled *Lee Momeint v. Comcast Cable Communications. Management, LLC and Stellar Recovery, Inc.*, No. 2016 M1 010585, from the Circuit Court of Cook County, Municipal Division, 1st District ("State Court Action"),[1] to the United States District Court for the Northern District of Illinois, Eastern Division.  In support of this Notice of Removal, Comcast states the grounds for removal as follows:

1.  On February 2, 2016, Plaintiff Lee Momient ("Plaintiff") filed two nearly identical complaints (the "State Court Complaints" or "Cmplts.") in the Circuit Court of Cook County, Municipal Division, both assigned the same case number, No. 2016 M1 010585, naming Comcast and Stellar Recovery, Inc. and both alleging the following: (i) three counts alleging a violation of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227 *et seq.*) by both

---

[1] While the Plaintiff identifies himself as "Momeint" in the caption of the State Court Action, he identifies himself in the body as "Momient."  Comcast follows this latter spelling in both the caption and the body of this Notice.

Defendants (Cmplts. ¶¶ 56-58, 59-61, 62-64); (ii) a count alleging a violation of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) against Defendant Stellar Recovery (*id.* ¶¶ 65-76); (iii) a count of deceptive trade practices against Comcast (*id.* at ¶¶ 77-80); (iv) a count of invasion of the right of privacy by intrusion upon seclusion against both Defendants (*id.* ¶¶ 44-55); (v) a count for injunctive relief pursuant to the TCPA (*id.* ¶¶ 81-86); and (vi) a count against Defendant Comcast for "respondeat superior" arguing that Comcast should be held vicariously liable for the actions and omissions of Stellar Recovery. *Id.* ¶¶ 87-90.

2.  The two complaints differ only as follows. The first complaint bears a file-stamp of February 2, 2016 at 4:20 p.m. ("First State Court Complaint") and contains an allegation on the last page that "[t]his action is for damages greater than $100,000" with a hand-written note crossing out the "$100,000" and replacing it with the words "less than $29,999.00." The First State Court Complaint is attached hereto as **Exhibit 1**. The second complaint bears a file-stamp of February 2, 2016 at 4:30 p.m. ("Second State Court Complaint") and contains the same allegation on the last page that "[t]his action is for damages greater than $100,000" but without any hand-written alteration. The Second State Court Complaint is attached hereto as **Exhibit 2**.

3.  Summonses in the State Court Action for both the First and Second State Court Complaints were issued on February 19, 2016 and service was purportedly made on Comcast that same day, on February 19, 2016. As of the date of this Notice, Plaintiff has not filed any Affidavits of Service. The Summons for the First and Second State Court Complaint are attached hereto as **Exhibits 3** and **4**, respectively.

4.  This Notice is being filed within thirty (30) days after Comcast first received a copy of the First and Second State Court Complaints, which constitute "the initial pleading setting forth the claim for relief upon which [this] action or proceeding is based." 28 U.S.C. § 1446(b)(1).

5. The State Court Complaints are the only documents that have been filed by the Plaintiff in state court, and the Summonses and State Court Complaints are the only "process, pleadings, and orders served upon" Comcast. *See* 28 U.S.C. § 1446(a). A copy of the docket in the State Court Action is attached as **Exhibit 5**.

6. Removal of the TCPA and FDCPA claims is proper pursuant to 28 U.S.C. § 1441(a) because this Court would have original jurisdiction over such claims under 28 U.S.C. § 1331. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451 (7th Cir. 2005) (holding that removal of a TCPA claim is authorized by § 1441 because the claim arises under federal law.); *Obi v. Chase Home Fin., LLC*, No. 11-3993, 2011 WL 5118437, at *1 (N.D. Ill. Oct. 25, 2011) (noting case was removed "on the basis of federal question jurisdiction, as this action had claims arising under federal law, including: the Fair Debt Collection Practices Act . . . . *See* 28 U.S.C. § 1441(a).").

7. This Court may also assert supplemental jurisdiction over the remaining state law claims because those claims are premised on the same alleged conduct forming the basis of the TCPA and FDCPA claims: the alleged receipt of calls made to Plaintiff's cell phone without his consent. *Compare* Cmplts. ¶ 57 (asserting a claim for violation of the TCPA based on alleged calls to "Plaintiff's cellular telephone using both an ATDS capable system and a prerecorded voice without Plaintiffs [sic] prior express consent") *with id.* ¶ 45 (premising count for invasion of the right of privacy upon purported "requests that Defendants no longer contact him by phone pursuant to the TCPA"). Indeed, Plaintiff admits that all of the claims are related in the first sentence of the first paragraph of the State Court Complaints, asserting that "[t]his is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC

§ 227(a)(iii); and for ***related*** tortious acts." Cmplts. ¶ 1 (emphasis added). Thus, the state law claims are "so related to [the TCPA and FDCPA claims] that they form part of the same case or controversy" but do not raise "novel or complex issues of State law" or "substantially predominate[] over the [TCPA or FDCPA] claim[s]." 28 U.S.C. § 1367(a), (c).

8. Removal is appropriate pursuant to Section 1441(a) because Stellar Recovery—the only other defendant—"consent[s] to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A).

9. This Court is the appropriate venue because the Northern District of Illinois, Eastern Division is the "district court of the United States for the district and division embracing [Chicago,] where the [State Court Action] is pending." 28 U.S.C. § 1441(a).

10. Promptly after the filing of this Notice, Comcast shall "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk [of court for the State Court Action]." 28 U.S.C. § 1446(d).

11. By filing this Notice of Removal, Comcast does not waive any defenses, objections, or motions under state or federal law, and expressly reserves its right to move for dismissal of some or all of Plaintiff's claims. Comcast and Stellar Recovery also hereby reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Comcast hereby provides notice and respectfully removes the State Court Action from the Circuit Court of Cook County, Municipal Division, 1st District, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441, 1446. Should any question arise as to the removal of this matter, Comcast respectfully requests an opportunity to provide additional briefing and oral argument as to why removal is proper.

Respectfully Submitted,

Dated: March 4, 2016

/s/ Justin O. Kay
Justin O. Kay (ARDC No. 6286557)
justin.kay@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel:      (312) 569-1000
Fax:      (312) 569-3000

*Counsel for Defendant Comcast Cable*
*Communications Management, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2016, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be filed on the Court's CM/ECF system, and served copies on the following parties, via their counsel at the following addresses, in the following form:

Via first-class U.S. Mail,
postage pre-paid:

Lee Momient
P.O. Box 608082
Chicago, IL 60660
Tel:    (773) 712-2076

*Pro Se Plaintiff*

Via email:

Katherine Rehan
The Law Office of Douglas R. Johnson, P.C.
321 N. Clark St., 5th Floor
Chicago, IL 60654
katy@illinoisattorney.com

*Counsel for Defendant Stellar Recovery, Inc.*


*/s/ Justin O. Kay*
Justin O. Kay